Good morning, Your Honor. I would like to reserve two minutes for rebuttal. May it please the Court, my name is Stephanie Adractas and I represent the appellant, Juan Gomez. Could you stop just for a second? Is the microphone on there to make sure? Okay, very good. We can hear you but Judge Gould might not be able to. Mr. Gomez's trial counsel argued to the jury that he had confessed to committing three counts of oral copulation of a minor when he had confessed to only one count. There was no arguable tactical basis for trial counsel's conduct as conceding that a defendant has confessed when he did not could not have been reasonable under any circumstances. This case is distinguishable from those where courts have found that a defense attorney reasonably conceded a client's guilt at trial for tactical reasons. No court has held that a defense attorney could reasonably tell a jury that her client had confessed when he did not. This case is also more egregious than cases where counsel reasonably concedes a client's guilt because in this case, client's other remarks during her closing argument disparaged Mr. Gomez for no conceivable tactical reason. As in United States v. Swanson, this Court should find that counsel's conduct deprived Mr. Gomez of his Sixth Amendment right to counsel to an advocate who was holding the prosecution to its burden of proof at trial. Because counsel's arguments constructively denied Mr. Gomez the assistance of counsel at a critical stage of the trial, prejudice should be presumed under chronic. Mr. Gomez's chronic argument was exhausted and preserved for appeal. In his petition for review to the California Supreme Court, his appellate counsel cited chronic interbriefs and argued that trial counsel's conduct violated Mr. Gomez's right to a trial on the conceded counts and to an advocate on the conceded counts. In that language, she clearly invoked the chronic rule. And Mr. Gomez, likewise, when he filed his Federal petition, referred the Court to his appellate counsel's briefs, which he attached to the petition and incorporated by reference. Because he also filed his district court petition, pro se, it should be construed generously against a finding of waiver. Even if prejudice was not presumed, this error was clearly prejudicial. There was no physical evidence supporting the charges in the case. They were based entirely on the word of the complaining witness, who admitted that she had sometimes exaggerated and even misled others when she described Mr. Gomez's conduct. Before you move on from the exhaustion or waiver issue, there are actually two procedural issues here. But on the exhaustion issue, I understand your argument to be that because there were briefs attached that would have alluded to the chronic claim that that was enough. Is that right? Yes, Your Honor. In my supplemental brief, I referred the Court to the habeas rule that states that in the petition itself, the petitioner is only required to allege specific facts that support his claim, and then to authority that states that a petitioner can incorporate by reference a memorandum of point and authorities, which is a standard practice when filing a Federal habeas petition. And Mr. Gomez, being pro se and also not an English language speaker, understandably relied on his appellate counsel's briefs to make this argument in the district court. And so he properly raised and preserved that claim in the district court in the same way that the claim was exhausted when it was filed in his petition for review to the California Supreme Court. So your argument is that there is a chronic reference in the appellate briefs? Yes, Your Honor. And that's what the Supreme Court then, of course, denies? Yes, Your Honor. Appellate counsel clearly cited to chronic in the briefs. And I'd like to point out as well that Strickland, which was decided on the same day and is also relied upon in the briefs, makes the same point that when defense counsel's conduct is so egregious that it amounts to no counsel at all, when there's such poor performance that a defendant may as well not have had a lawyer, that prejudice is presumed. So that language is also in Strickland. And arguably, one could have exhausted this presumption of prejudice argument by a citation to Strickland alone. But going back then to — well, I'll get to whether you think it matters, whether it's chronic or Strickland. But in — you talked before about the Swanson case. And I think my recollection of that case is there was factual dispute, and that gets conceded by the attorney, and that was sort of over and out. That was the whole game. Whereas here, there wasn't, I think, what I would call a complete abdication or complete admission with respect. So doesn't that distinguish Swanson? And what difference does that make? Your Honor, I think Swanson is controlling here because the — in the Swanson case, there was only one count to argue about. And defense lawyer got up and said, it's obvious he committed the crime, and I'm not going to insult you all by saying that he didn't. In this case, counsel did the same thing as to counts 2, 3 — or 1, 2, and 3. I'm sorry, 2, 3, and 4. She disputed count 1, but not those other three counts. Correct. But the three counts, 2, 3, and 4, accounted for 45 years to life of Mr. Gomez's 70-year-to-life sentence. So one cannot say, oh, counsel reasonably decided to only fight a big count and not dispute these smaller incidents, because in total, they accounted for more of his sentence than count 1. So counsel's conduct couldn't be construed as a reasonable decision to just fight one battle and not these others, because she essentially threw him under the bus on all counts. I mean, one could say that by saying, oh, it's clearly true that he committed these other crimes, that she undermined his defense on count 1 as well. She was essentially saying that he had confessed outside of the court — or outside of the trial record and led the jury to believe there was extra record evidence of a confession that hadn't been presented at trial. That quite arguably undermined his defense as to all the counts. And so this case is controlled by Swanson. And likewise, as in Swanson, which you just don't see in nearly any case, there's the disparaging remarks about the defendants. There's this ongoing theme throughout the closing argument that, you know, I'm not a fool, and, of course, this is — you know, you aren't either, and I'm not going to insult you. In this case, defense counsel said, why are we here repeatedly? Not only did she suggest that the trial was a waste of time, but she also was echoing the same argument that was made by the prosecutor. So you couldn't have a clearer case where defense counsel just seemed to be acting as a second prosecutor and Mr. Gomez was entirely deprived of his right to an advocate as to those counts. You're down to about two minutes. Do you want to reserve? Yes, Your Honor. Thank you. We'll hear from the state. You're muted. May it please the court, Masha DeVisa for Epoli. I just want to make a couple of points, responsive. Obviously, the court has our briefing. I want to focus on the chronic claim, unless the court has questions. The chronic claim, as we stated, as we briefed in our supplemental briefing, is unexhausted and waived. Appellant cited chronic one time in his petition for review as sort of a throwaway site, did not fairly present this claim, whether or not he was or was not with counsel during the federal district court petition process. He did what it was not fairly presented to the California Supreme Court previously and therefore cannot be reached by this court. This court has held, you know, counsel said, oh, well, it doesn't matter. Strickland chronic, it's all exhausted. This court has held that chronic must be exhausted separately from Strickland. And here it just may not reach it. As for the merits of chronic, here was not the kind of complete failure to test the prosecution's case that we had. For example, you know, the court mentioned Swanson, where the defense counsel gave away the whole game. Here, as the federal district court went to great lengths to point out, the big barrier for the prosecution was to convince the jury that appellant was the type of person to do this sort of thing at all. That that, you know, unlike, for example, in Swanson, it was a bank robbery case. OK, here you have this this moral program that surrounds child molestation cases. So here are the prosecution's goal in such cases is to say to the jury, this is this is something that actually happened. You can believe the victim. And that barrier was overcome by appellant telling the police officer that arrested him. Oh, yeah. I really populated her twice. Oh, yeah. I touched her. Oh, yeah. I exposed myself to her. Oh, yeah. I ejaculated near her vagina. Oh, oh, it's really it's the third count. That really is the big chronic and Strickland violation that constitutes failure to test the prosecution's case. We just don't have that kind of we just don't have that kind of fundamental failure by the Defense Council to represent to provide reasonable assistance to Mr. Gomez. I have nothing to add on any of the other briefing, but unless the court I'm happy to entertain any questions the court may have. No, I think I think we have the argument and we'll go here rebuttal. Thank you, Your Honor. Thank you, Your Honor. I'd like to first address the argument that the citation to chronic was a throwaway citation. I would certainly dispute that. I mean, it was clearly made in the brief. This wasn't a footnote. It wasn't an aside. It was a very clearly articulated argument that chronic applied in this case. And also the standard for exhaustion is to fairly present one's arguments. And that clearly occurred here when appellate counsel cited to chronic and cited to Strickland. And I'd like to also address the notion that chronic claims must be separately exhausted. And I understand the point that counsel was making. However, chronic encompasses three types of claims. Chronic claims includes an entire absence of counsel, one type. Second type, performance-based claims, which is what we have here. And the third type where there's some sort of structural problem that prevents any counsel from being able to adequately defend the case. This is a performance-based chronic claim. So necessarily it is a Strickland and chronic claim just by necessity because Strickland set forth the framework for evaluating counsel performance. And in this case, defense counsel, appellate counsel clearly articulated that chronic and Strickland both applied. She cited to both in her briefs. And so the claim was exhausted. Is the existence of a chronic claim critical to your case? Your Honor, I wouldn't use the word critical because I think that we clearly have prejudice here. Counsel argued that the barrier in the case was that the prosecutor had to show that Mr. Gomez was the, quote-unquote, type of person who would commit this kind of crime. But as we all know in the area of criminal defense, one cannot be convicted based on character. One cannot argue as a prosecutor, he did it before and we know he's that kind of person, so he'd do it again. And this is the kind of case because there's multiple counts, each one counted, each one was a 15-year consecutive sentence. So one cannot simply say, oh, we proved the type of person that he was, so you should convict him of as many counts as we're willing to allege. That's just not how the system works. And in this case, it really made a difference. It was prejudicial. And unless the Court has further questions, I've exhausted my time. Thank you, counsel. Thank both of you for your arguments today. The case will be submitted for decision.
judges: THOMAS, McKEOWN, GOULD